**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **LORI MCKENZIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ZANDERS SPORTING GOODS CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

---

## COMPLAINT

Plaintiff, Lori McKenzie ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Zanders Sporting Goods Co. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and for Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

4. Venue of this action properly lies in the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq* have occurred or been complied with.

6. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resided in Randolph County, Illinois.

9. Defendant, whose address is 801 Bradbury Lane, Sparta, Illinois 62286-2105, is a corporation specializing in the firearm industry that at all times material to the allegations in this Complaint was doing business in and for Randolph County, Illinois.

2

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and the FMLA 29 U.S.C. §2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12.     Plaintiff was employed by Defendant as a Cubi Scan Operator from on or around March 12, 2018, until she was unlawfully terminated on or about November 20, 2025, on the basis of her disability and use of protected medical leave.

13.     As a Cubi Scan Operator, Plaintiff's duties included, but were not limited to, operating warehouse scanning equipment, processing inventory measurements, and assisting with warehouse operations, including use of related machinery such as photo booth equipment.

14.     Plaintiff has physical impairments that substantially limit major life activities.

15.     Specifically, Plaintiff suffers from acute kidney failure and hyperthyroidism.

16.     Plaintiff's disabilities can cause symptoms including, but not limited to, severe fatigue, weakness, dizziness, anemia, and other complications requiring hospitalization and ongoing medical treatment.

17.     Plaintiff's disabilities substantially limit major life activities, including but not limited to working, standing, walking, and caring for herself.

18.     Regardless of Plaintiff's disability, she was qualified to perform the essential

functions of her job, with or without reasonable accommodation.

19.     Plaintiff is a "qualified individual" as defined under the ADA.

20.     On or about October 25, 2025, Plaintiff was hospitalized for approximately eight days due to her acute kidney failure and hyperthyroidism.

21.     Shortly thereafter, on or about October 27, 2025, Plaintiff notified Defendant, through HR assistant Julie Hensen, that she was hospitalized for kidney failure and would require leave.

22.     Plaintiff was instructed to remain in contact with HR regarding her status.

23.     While Plaintiff was still hospitalized, Defendant directed her to begin the FMLA process and instructed her to have a family member retrieve the necessary paperwork.

24.     Plaintiff's daughter picked up the paperwork, and Plaintiff timely completed and returned the required medical certification on November 12, 2025, within the stated deadline.

25.     Plaintiff's medical certification identified the onset of her condition as October 23, 2025, documented her hospitalization from October 25 through November 2, 2025, and confirmed the expected ongoing duration of her condition.

26.     Despite this documentation, Defendant approved Plaintiff's FMLA leave only through November 10, 2025, and failed to designate any additional leave, despite Plaintiff's medical certification indicating an ongoing serious health condition.

27.     Defendant did not request clarification from Plaintiff's healthcare provider or otherwise provide Plaintiff with an opportunity to cure any alleged deficiency in her certification.

28.     Defendant failed to provide Plaintiff with proper notice of any deficiency in her medical certification and failed to advise Plaintiff of her right to cure any such deficiency, as

required under the FMLA.

29. Plaintiff returned to work on or about November 10, 2025, and continued working through November 18, 2025, while still recovering from her serious medical conditions.

30. On or about November 19, 2025, Plaintiff became ill again at work and was forced to leave early due to her medical condition.

31. Before leaving, Plaintiff informed her warehouse manager that she was leaving for medical reasons and would be using FMLA leave.

32. The manager approved her departure and indicated no issue.

33. Shortly after Plaintiff left work, Defendant, through its HR Director, Kara Chartrau, sent an email stating that her FMLA approval had expired and that additional medical certification was required for further leave, without previously informing Plaintiff that her existing certification was insufficient or providing her a reasonable opportunity to submit additional documentation.

34. Defendant did not provide Plaintiff a reasonable opportunity to obtain and submit additional medical certification before taking adverse employment action against her.

35. However, Plaintiff did not receive or see this communication until the following morning when she returned to work.

36. On or about November 20, 2025, Plaintiff returned to work as scheduled.

37. Shortly after assisting her supervisor with operational duties, she was called into a meeting with HR and terminated.

38. Defendant claimed that Plaintiff was terminated for alleged "misconduct" related to an inappropriate comment about a furnace.

5

39.     This justification was pretextual.

40.     The comment was made to a coworker, not management, was not inappropriate, and Plaintiff had never been warned or disciplined regarding this alleged conduct.

41.     Defendant's handling of Plaintiff's leave was inconsistent and obstructive.

42.     Defendant failed to clearly communicate its expectations, imposed new requirements without notice, failed to follow required FMLA procedures, and did not provide Plaintiff a meaningful opportunity to comply before taking adverse action against her.

43.     The timing of Plaintiff's termination, immediately following her hospitalization, submission of FMLA paperwork, use of protected leave, and renewed illness, demonstrates that Defendant's stated reason was not the true reason for her termination.

44.     By failing to properly designate leave, failing to provide required notices, and terminating Plaintiff before she could cure any alleged deficiency, Defendant interfered with, restrained, and denied Plaintiff's exercise of her rights under the FMLA.

45.     Defendant failed to engage in the interactive process required under the ADA and effectively denied Plaintiff reasonable accommodation for her disability.

46.     Defendant retaliated against Plaintiff for engaging in protected activity, including requesting and taking FMLA leave, submitting medical certification, and informing Defendant of her ongoing medical condition.

47.     Plaintiff engaged in statutorily protected activity by requesting reasonable accommodations, applying for and taking FMLA leave, and communicating with Defendant regarding her serious health condition and need for continued leave.

## COUNT I
**Violations of the Americans with Disabilities Act**

6

**(Disability-Based Discrimination)**

48. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

50. Plaintiff met or exceeded performance expectations.

51. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

52. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

53. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

54. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT II**
**Violation of Americans with Disabilities Act**
**(Disability-Based Harassment)**

57. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful

7

employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

59.     Defendant knew or should have known of the harassment.

60.     The disability-based harassment was severe or pervasive.

61.     The disability-based harassment was offensive subjectively and objectively.

62.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

63.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64.     As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

65.     Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

66.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

67.     Plaintiff is a qualified individual with a disability.

68.     Defendant was aware of the disability and the need for accommodations.

69.     Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

70.     Plaintiff's reasonable accommodations that were requested was not an undue

burden on the Defendant.

71.     Defendant did not accommodate Plaintiff's disability.

72.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

73.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

74.     As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### <u>COUNT IV</u>
**Violation of Americans with Disabilities Act**
**(Retaliation)**

75.     Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

76.     Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

77.     During Plaintiff's employment with Defendant, Plaintiff engaged in protected activity, including but not limited to requesting reasonable accommodations for her disabilities, requesting and taking medical leave, submitting medical certification, and informing Defendant of her serious health conditions and need for continued leave.

78.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

79.     Defendant failed to engage in the interactive process and failed to meaningfully evaluate or accommodate Plaintiff's need for continued medical leave, instead imposing unclear and shifting requirements that effectively denied Plaintiff reasonable accommodation.

9

80.    Defendant further failed to take appropriate steps to ensure that Plaintiff's protected rights were respected and instead subjected Plaintiff to heightened scrutiny and adverse treatment following her requests for accommodation and leave.

81.    By virtue of the foregoing, Defendant retaliated against Plaintiff for engaging in protected activity, including requesting reasonable accommodations and taking disability-related medical leave, in violation of the ADA.

82.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

83.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

84.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

85.    Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

86.    Defendant terminated Plaintiff on or about November 20, 2025, shortly after Plaintiff engaged in protected activity, including submitting FMLA paperwork on November 12, 2025, taking leave related to her hospitalization, and leaving work due to illness on November 19, 2025.

87.    Defendant terminated Plaintiff because she requested and took FMLA leave as described above.

88.    The close temporal proximity between Plaintiff's protected activity and her

10

termination, combined with Defendant's shifting and pretextual explanation for her discharge, demonstrates a causal connection between Plaintiff's FMLA-protected activity and the adverse employment action.

89.    Defendant intentionally engaged in unlawful employment practices in violation of the FMLA by retaliating against Plaintiff for requesting and taking leave for serious health conditions.

90.    Plaintiff's request for and use of FMLA leave was a direct and proximate cause of Defendant's decision to terminate her employment.

91.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**<u>COUNT VI</u>**
**Violation of the Family and Medical Leave Act**
**(FMLA Interference)**

92.    Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

93.    At all relevant times, Plaintiff was an eligible employee under the FMLA, and Defendant was an employer subject to the FMLA.

94.    Plaintiff was entitled to FMLA leave due to her serious health condition, including her hospitalization for acute kidney failure and hyperthyroidism and her continued need for medical leave thereafter.

95.    Plaintiff provided Defendant with sufficient notice of her need for FMLA leave by informing Defendant of her hospitalization, submitting medical certification, and notifying Defendant of her continued symptoms and need for leave.

11

96.     Defendant controlled Plaintiff's work schedule and conditions of employment.

97.     Despite Plaintiff's eligibility and entitlement to FMLA leave, Defendant failed to properly designate Plaintiff's leave consistent with her medical certification and instead limited her approved leave through November 10, 2025, despite documentation supporting a longer duration.

98.     Defendant further failed to notify Plaintiff of any alleged deficiencies in her medical certification and failed to provide Plaintiff a reasonable opportunity to cure any such deficiency as required under the FMLA.

99.     Defendant imposed new and previously undisclosed certification requirements only after Plaintiff took additional leave on November 19, 2025, without prior notice or guidance.

100.     Defendant interfered with Plaintiff's FMLA rights by terminating her employment on or about November 20, 2025, before she had any meaningful opportunity to provide additional medical certification or otherwise exercise her FMLA rights.

101.     By the foregoing conduct, Defendant interfered with, restrained, and denied Plaintiff's exercise of rights protected under the FMLA.

102.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

103.     As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.   Back pay with interest;

b.   Payment of interest on all back pay recoverable;

c.   Front pay;

d.   Loss of benefits;

e.   Compensatory and punitive damages;

f.   Liquidated damages;

g.   Reasonable attorneys' fees and costs;

h.   Award pre-judgment interest if applicable; and

i.   Award Plaintiff any and all other such relief as the Court deems just and

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th of April 2026.

/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
Bar No.: 99843
**Atlas Law Center LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@atlaslawcenter.com
*Attorney for Plaintiff*